UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JFXD TRX ACQ LLC, <br><br> Plaintiff, <br><br> v. <br><br> EAST RIVER JW INC, <br><br> Defendant. | CASE NO. 2:24-cv-00594-JNW <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE |

## 1. INTRODUCTION

Before the Court are Plaintiff JFXD TRX ACQ LLC's Motion for Alternative Service, Dkt. No. 6, and Request for Judicial Notice, Dkt. No. 8. After considering the motions, the record, and the law, the Court is fully informed. For the reasons below, the Court GRANTS Plaintiff's Request for Judicial Notice, Dkt. No. 8, and DENIES Plaintiff's Motion for Alternative Service, Dkt. No. 6.

## 2. BACKGROUND

Plaintiff filed this patent infringement case on April 30, 2024, naming East River JW Inc. ("East River") as a defendant. East River is registered as a domestic business corporation in New York. When East River registered with the New York

**ORDER** DENYING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE - 1

Secretary of State, it provided a Brooklyn business address, which was recorded in the Secretary of State's online record. Dkt. No. 8 at 5. East River did not list the names of any corporate officers or agents, nor did it provide any additional addresses or contact information. *Id*.

The Secretary of State's online record also includes this heading:

> Service of Process on the Secretary of State as Agent

*Id*. Under this heading, the site confirms that East River's Brooklyn address is the "address to which the Secretary of State shall mail a copy of any process against the corporation served upon the Secretary of State by personal delivery[.]" *Id*.

Plaintiff's process server attempted to serve East River at the Brooklyn address three times—on May 11, May 13, and May 14, 2024. Dkt. No. 7 at 1. On two attempts, the person who answered at the Brooklyn address told the process server that East River does not operate there. *Id*.

### 3.  DISCUSSION

**3.1  Judicial notice.**

As a preliminary legal matter, the Court grants Plaintiff's request for judicial notice under Fed. R. Evid. 201 and considers the information that Plaintiff provided from the New York Secretary of State's website. The Court finds that the business information on the website is "not subject to reasonable dispute," as it "can be accurately and readily determined from a source[] whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Indeed, "[c]ourts routinely take judicial notice of records on file with a state's Secretary of State and/or results

generated from a Secretary of State Business Search." *Cochran v. Air & Liquid Sys. Corp.*, 2:21-CV-09612-MEMF (PDX), 2022 WL 7609937, at *3, n. 5 (C.D. Cal. Oct. 13, 2022).

**3.2  Alternative service.**

Turning to the service issue, Federal Rule of Civil Procedure 4 outlines service requirements. To serve a corporation, plaintiffs must "deliver[ ] a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service or process," Fed. R. Civ. P. 4(h)(1)(B), or "follow[ ] the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(e)(1), (h)(1)(A).  Thus, Plaintiff can meet federal service requirements by satisfying Rule 4(h)(1)(B), or by serving the summons in a manner permitted under Washington or New York law.

Plaintiff asks for permission to serve East River by mail—a method that Washington law allows in limited circumstances. Unlike other forms of service, Washington law requires litigants to receive court permission before serving process by mail. CR 4(d)(4). Service by mail is allowed when the plaintiff shows that:

> (1) they made reasonably diligent efforts to personally serve the defendants;
>
> (2) service by publication would be justified under Washington law; and
>
> (3) the defendant is as likely to receive actual notice from service by mail as they would from service by publication.

ORDER DENYING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE - 3

*Russell v. Wadot Cap., Inc.*, CASE NO. C22-0531JLR, 2023 WL 4683906, at *3 (W.D. Wash. July 21, 2023) (citing federal and Washington law). Washington courts "strictly construe[ ]" the service-by-publication statute. *Adams v. EMS Techs., Inc.*, No. C09-1017JLR, 2009 WL 10723379, at *3 (W.D. Wash. Aug. 28, 2009) (collecting Washington cases).

Plaintiff has not established that service by publication—and by extension, service by mail—is appropriate because it has not shown the "existence of one of the cases … specifi[cally]" authorizing service by publication under RCW 4.28.100. For example, Plaintiff has not shown that East River has property in Washington, *see* RCW 4.28.100(1), or that East River once resided in Washington and later fled the state to defraud its creditors or to avoid service, RCW 4.28.100(2). "Because service by mail is only allowed if service by publication would be justified, [Plaintiff] has not met the requirements under Washington law to effectuate service by mail." *Amazon.com Servs. LLC v. Indecor Home Co.*, No. C22-1560-JCC, 2023 WL 2573237, at *2 (W.D. Wash. Mar. 20, 2023) (denying request for service by mail under Washington law because foreign defendant had no property within Washington).

Even if service by publication were authorized, Plaintiff has not shown sufficient diligence to justify service by mail. "Service by publication or mail is in derogation of the common law and cannot be used when personal service is possible." *Rodriguez v. James-Jackson*, 111 P.3d 271, 274 (Wash. Ct. App. 2005). Here, federal and Washington law permit plaintiffs to serve a corporation's agents. *See* Fed. R. Civ. P. 4(h)(1)(B); RCW 4.28.080(9). While it is true that East River has

**ORDER** DENYING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE - 4

not affirmatively listed a registered agent with the New York Secretary of State, the New York Secretary of State will accept service, as "Agent," "by personal delivery." Dkt. No. 8 at 5; *see also* N.Y. Bus. Corp. L. § 306(b)(1) (discussing "[s]ervice of process on the secretary of state as agent of a domestic or authorized foreign corporation"); *Abondolo v. Jerry WWHS Co., Inc.*, 829 F. Supp. 2d 120, 125 (E.D.N.Y. 2011) ("service of process on a corporation is deemed complete when the Secretary of State is served").

Plaintiff argues that RCW 4.28.090 prohibits serving the Secretary of State under these facts. Dkt. No. 6 at 5. But by its own terms, that statute only governs service on Washington corporations. RCW 4.28.090 (governing service of corporations "created by the laws of this state," i.e., Washington). Because Plaintiff has not served the New York Secretary of State, the Court cannot conclude that reasonably diligent efforts have been made to serve East River. Accordingly, the Court cannot find that service by mail would "follow[ ] state law for serving a summons" in Washington. Fed. R. Civ P. 4(e)(1), (h)(1).

## 4. CONCLUSION

In sum, the Court GRANTS Plaintiff's Request for Judicial Notice, Dkt. No. 8, but DENIES Plaintiff's Motion for Alternative Service, Dkt. No. 6.

Dated this 26th day of July, 2024.

Jamal N. Whitehead
United States District Judge