UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JFXD TRX ACQ LLC,<br><br>                Plaintiff,<br><br>   v.<br><br>EAST RIVER JW INC,<br><br>                Defendant. | CASE NO. 2:24-cv-00594-JNW<br><br>ORDER DENYING MOTION FOR DEFAULT JUDGMENT |

## 1. INTRODUCTION

Plaintiff JFXD TRX ACQ LLC (TRX) moved for default judgment against Defendant East River JW Inc. (East River), which the Court now considers. Dkt. No. 18. Because TRX has not proved its damages, the Court finds that default judgment is inappropriate at this time.

## 2. BACKGROUND[1]

TRX makes these bright-yellow and black exercise straps:

---

[1] As default has been entered against Defendant, the Court considers the well-pleaded factual allegations in the complaint to be admitted by that Defendant and recites the relevant allegations. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007).

ORDER DENYING MOTION FOR DEFAULT JUDGMENT - 1



Dkt. No. 1 at 4. This product "implement[s] weight-based exercise and [is] widely used in the United States and across the world under TRX's various brands and trademarks such as TRX®." *Id*. TRX has designed its straps similarly since 2003, adopting a bright-yellow-on-black color scheme. *Id*. at 5. TRX's branding and marketing all focus on this feature, *see id*., and in 2015, TRX attained a registered trademark, as shown in part below:



Reg. No. 4,741,049
Registered May 19, 2015
Int. Cl.: 28
TRADEMARK
SUPPLEMENTAL REGISTER

FITNESS ANYWHERE, LLC (DELAWARE LIMITED LIABILITY COMPANY)
755 SANSOME ST., STE 600
SAN FRANCISCO, CA 94133

FOR: MANUALLY-OPERATED EXERCISE EQUIPMENT, NAMELY, EXTENDIBLE NYLON STRAP-BASED TRAINER WITH TWO HANDLES AND FIXED AT A MIDPOINT BETWEEN THE HANDLES TO A STRUCTURE FOR ALLOWING A USER TO USE BODY WEIGHT TO MODULATE THE RESISTANCE FELT DURING EXERCISING WITH THE TRAINER, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 1-31-2005; IN COMMERCE 1-31-2005.

THE MARK CONSISTS OF THE COLOR YELLOW AS APPLIED TO THE STRAPS BETWEEN THE HANDLES AND FIXED MIDPOINT OF MANUALLY-OPERATED EXERCISE EQUIPMENT. THE SHAPE OF THE GOODS AS DEPICTED IN DOTTED LINES IS SHOWN TO INDICATE THE POSITION OF THE MARK ON THE GOODS AND IS NOT CLAIMED AS A FEATURE OF THE MARK.

THE COLOR(S) YELLOW IS/ARE CLAIMED AS A FEATURE OF THE MARK.

*Id.* at 62 (Ex. C of Complaint). As noted, "the mark consists of the color yellow as applied to the straps between the handles and the fixed midpoint" of the strap. *Id.*

Along with its registered trademark, "TRX owns a trade dress [as to] the look and feel of the straps that incorporate the yellow trademark above in connection with black overall colors as shown in the [first] image above." *Id.* at 6. TRX also has multiple patents for its product. *Id.* at 2, 64–120 (Exs. D–E to Complaint). These include a design patent (U.S. Design Pat. No. D831,764) titled "FLEXIBLE STRAP WITH A DUAL STITCH PATTERN," and a utility patent (U.S. Utility Pat. No. 7,762,932) titled, "INELASTIC EXERCISE DEVICE HAVING A LIMITED RANGE." *Id.* at 6.

TRX sued East River, a "Chinese entity," for infringing on its intellectual property rights by selling infringing products online to consumers in the United States. Dkt. No. 1. The Clerk entered default against East River, *see* Dkt. No. 17, and now TRX moves for default judgment on its copyright, trade dress, and trademark infringement claims.

### 3. DISCUSSION

**3.1   The Court has subject matter jurisdiction, and service was adequate.**

Before entering default judgment, the district court must ensure that it has subject-matter jurisdiction. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."). Similarly, district courts must also ensure

that the defaulting defendant received adequate service. *Liguore v. Simmons,* No. 24-CV-01621-LB, 2024, WL 4112332, at *4 (N.D. Cal. Sept. 5, 2024); *Rosco v. Advantage Grp.*, Case No: 2:15-CV-325-RMP, 2019 WL 845419, at *2 (Feb. 20, 2019). Here, the Court has subject matter jurisdiction under 28 U.S.C. § 1331 and § 1338, as TRX's claims arise under federal law. The Court also finds that TRX served East River consistent with its prior Order; thus, service was adequate. *See* Dkt. Nos. 11, 14.

### 3.2   This Court has personal jurisdiction over East River.

As another preliminary matter, the Court must find that it has personal jurisdiction over the defaulting defendant. *In re Tuli*, 172 F.3d at 712. When considering jurisdictional issues, "it is appropriate" for the district court to "look beyond the pleadings to any evidence" before it. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 243 F. Supp. 2d 1073, 1082 (C.D. Cal. 2003). And "when a district court's decision on a personal jurisdiction question is based on submitted evidence in the absence of an evidentiary hearing, the plaintiff need only make a *prima facie* showing that the defendant is subject to personal jurisdiction." *Talavera Hair Prods. Inc. v. Taizhou Yunsung Elec. Appliance Co., Ltd.*, Case No.: 18-CV-823-JLS (JLB), 2021 WL 3493094, at *9 (S.D. Cal. Aug. 6, 2021) (quoting *Deckers Outdoor Corp. v. Reed Sportswear Mfg. Co.*, Case No. 215-CV-00749, 2015 WL 5167466, at *2 (C.D. Cal. Sept. 3, 2015) (citing *Data Disc, Inc. v. Sys. Tech. Assoc.*, Inc., 557 F.2d 1280, 1285 (9th Cir. 1977))).

The Court finds that personal jurisdiction exists under Federal Rule of Civil Procedure 4(k)(2), which provides for nation-wide personal jurisdiction. Fed. R. Civ. P. 4(k)(2). This rule is "not limited to the contours of a state longarm statute." *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 461 (9th Cir. 2007). "Instead, a court may exercise jurisdiction when three requirements are met": (1) the claim "must arise under federal law"; (2) "the defendant must not be subject to the personal jurisdiction of any state court of general jurisdiction"; and (3) exercising personal jurisdiction "must comport with due process." *Id*.

### 3.2.1   The first two factors of Rule 4(k)(2) are met.

Because Plaintiffs' claims arise under federal law, the first factor is met. As for the second factor, the Ninth Circuit has held that "absent any statement from [any one of the Defaulted Defendants] that it is subject to the courts of general jurisdiction in another state, the second requirement of Rule 4(k)(2) is met." *Talavera Hair*, 2021 WL 3493094, at *9 (quoting *Holland Am. Line Inc.*, 485 F.3d at 462). East River has not appeared and thus does not contend that it is subject to personal jurisdiction in another state. So the second prong is met.

### 3.2.2   The third factor of Rule 4(k)(2) is met—exercising personal jurisdiction comports with due process.

Turning to the third factor, when deciding whether exercising personal jurisdiction "comport[s] with due process," courts evaluate the defendant's contacts with the forum, as they would under a traditional personal jurisdiction analysis. *Holland Am. Line Inc.*, 485 F.3d at 462. The traditional personal jurisdiction analysis requires district courts to consider the defendant's contacts with the forum:

ORDER DENYING MOTION FOR DEFAULT JUDGMENT - 5

"[f]or due process to be satisfied, a defendant . . . must have 'minimum contacts' with the forum . . . such that the assertion of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Pebble Beach Co. v. Cady*, 453 F.3d 1151, 1155 (9th Cir. 2006) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945)).

But unlike the traditional minimum contacts test, when courts analyze minimum contacts under Rule 4(k)(2), the relevant forum is not a single state—it is the entire nation. *Holland Am. Line Inc.*, 485 F.3d at 462. Thus, the district court must "consider [the defendant's] contacts with the nation as a whole." *Id*. (citing *World Tanker Carriers Corp. v. M/V Ya Mawlaya*, 99 F.3d 717, 723–24 (5th Cir. 1997) ("The due process analysis is identical to the one discussed above when the forum was California, except here the relevant forum is the entire United States.")).

The defendant has minimum contacts with the relevant forum when:

> (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum,
>
> (2) the claim arises out of or results from the defendant's forum-related activities, and
>
> (3) the exercise of jurisdiction is reasonable.

*Pebble Beach Co.*, 453 F.3d at 1155 (list reformatted); *see also Talavera Hair Prods. Inc.*, 2021 WL 3493094, at *9 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). "The plaintiff bears the burden of satisfying the first two prongs of the 'minimum contacts' test," and if the plaintiff is successful, the

defendant must then establish why the court's exercise of jurisdiction is unreasonable. *Pebble Beach Co.*, 453 F.3d at 1155.

The first prong of the minimum contacts test may be met when a defendant has "purposefully directed" their activities toward the forum. *See id*. at 1155, 1156–57. In *Calder v. Jones*, 465 U.S. 783 (1984), the Supreme Court provided a test for establishing "purposeful direction"—the "*Calder* effects test." *Pebble Beach Co.*, 453 F.3d at 1156. "To satisfy this test, the defendant must have (1) committed an intentional act, which was (2) expressly aimed at the forum . . . , and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state." *Id.* (internal quotation and citation omitted).

The Court finds that the *Calder* effects test is met here, thereby satisfying the first prong of the minimum contacts test for personal jurisdiction. As for *Calder's* first requirement, the Court finds that East River acted intentionally by selling the product at issue on Amazon.com. Regarding the second requirement, the Court concludes from the Complaint's factual allegations that East River expressly aimed its conduct toward the United States. Indeed, East River provided a New York address to register a business entity in the United States for selling the Accused Product in this forum. To that end, it has advertised and sold the Accused Product to individuals within the United States on Amazon.com, listing product descriptions in English and prices in U.S. dollars. *See Talavera Hair Prods., Inc.*, 2021 WL 3493094, at *9–10. "Given that [East River] ha[s] not appeared in this action, . . . the Court cannot assess the quantity of [East River's] sales that occur in the United States versus abroad, but it seems fair to infer from the amazon.com . . .

listings submitted by Plaintiff that [East River] w[as] targeting United States customers through these listings, as alleged by Plaintiff in its Complaint." *See id.* at *10; *see* Dkt. No. 1 at 21–60 (Complaint, Ex. B). The third *Calder* requirement is also met—East River's conduct harmed TRX in this forum, and East River knew that such harm would occur here. As the *Calder* effects test is satisfied, so too is the first prong of the minimum contacts test.

The Court turns to the second prong of the minimum contacts test, which considers whether the plaintiff's claims "arise out of *or relate to* the defendant's contacts with the forum." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362 (2021) (emphasis in original) (quotation and citation omitted). TRX's claims clearly arise out of East River's forum-related conduct, as the claims hinge on the unlawful nature of East River's forum-related conduct of marketing and selling the Accused Product. With the first two prongs met, the burden shifts to East River to prove that jurisdiction in this forum would deprive it of due process. *See Pebble Beach Co.*, 453 F.3d at 1155. East River has failed to carry that burden. Because all three prongs of the minimum contacts test have been met, the Court finds that East River has minimum contacts with the forum such that the Court's exercise of personal jurisdiction comports with due process. Accordingly, the exercise of personal jurisdiction is reasonable under the third prong of Rule 4(k)(2).

With Rule 4(k)(2)'s requirements satisfied, the Court has personal jurisdiction over East River.

### 3.3  TRX failed to comply with the Local Civil Rules, making default judgment improper.

The Local Civil Rules (LCRs) in this district also impose procedural requirements that the moving party must meet before the Court enters default judgment. *See* LCR 55. Under LCR 55,

> Plaintiff must support a motion for default judgment with a declaration and other evidence establishing plaintiff's entitlement to a sum certain and to any nonmonetary relief sought. . . . Plaintiff shall provide a concise explanation of how all amounts were calculated, and shall support this explanation with evidence establishing the entitlement to and amount of the principal claim, and, if applicable, any liquidated damages, interest, attorney's fees, or other amounts sought.

LCR 55(b)(2), (b)(2)(A). TRX has not met these procedural requirements, having failed to prove or calculate money damages. *See* LCR 55(b)(2) ("Supporting Evidence Required").

Default judgment is a two-step process. *See* Fed. R. Civ. P. 55 (a), (b). After the Clerk of the Court enters default against a party who fails to respond, the court may exercise its discretion to order default judgment. *Id.*; *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). On entry of default, the well-pleaded allegations of the complaint are deemed true, except for those concerning damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). The plaintiff must prove damages and may not seek damages different from those requested in the pleadings. Fed. R. Civ. P. 54(c). "[B]efore a court can enter a default judgment on a sum uncertain, a plaintiff must prove its damages." *United States v. Vasquez*, Case No. 6:24-cv-01192-MTK, 2024 WL 5087408, at *3 (D. Or. Dec. 12, 2024) (citing *Swift Fin., LLC v. Alabar Constr., Inc.*, Case No. 2:18-CV-02009-SU, 2019 WL 654343, at

*3–4 (D. Or. Jan. 30, 2019), *report and recommendation adopted*, No. 2:18-CV-02009-SU, 2019 WL 653801 (D. Or. Feb. 15, 2019)); *see also Evolusion Concepts, Inc. v. HOC Events, Inc.*, Case No. 8:19-cv-02736-JLS-DFM, 2020 WL 5898803, at *1 (C.D. Cal. July 14, 2020) (holding plaintiff's request for partial default judgment—where plaintiff sought entry of default judgment on liability only and requested continued damages discovery—would violate the "one final judgment rule").

As the movant here, TRX must establish its money damages in its motion and supporting documentation or at an evidentiary hearing. *See Vasquez*, 2024 WL 5087408, at *3; *Evolusion Concepts, Inc.*, 2020 WL 5898803, at *1; Fed. R. Civ. P. 55(b)(2) (court may conduct hearings or make referrals to determine amount of damages on default); LCR 55(b)(2). Because TRX has failed to establish its damages, default judgment is inappropriate.

TRX asks the Court to enter default judgment now, and then to allow post-judgment discovery under Rule 69(a) so that "it can provide evidence to support a sum certain for damages" later on. *See* Dkt. No. 18 at 6. But Rule 69 allows for post-judgment discovery if such discovery is needed to enforce or execute a judgment—not to establish the amount of damages in the underlying lawsuit. Indeed, under Rule 69, the Court may order supplemental proceedings to enforce a money judgment it has already entered. *See* Fed. R. Civ. P. 69(a); *Hamilton v. MacDonald*, 503 F.2d 1138, 1148 (9th Cir. 1974) (explaining Rule 69(a) "adopts state procedures on execution and supplementary proceedings . . . when the judgment is for the payment of money"). As the Ninth Circuit has explained, "[t]he discovery contemplated by rule 69(a) is a distinct phase of the litigation with a narrow focus."

*Danning v. Lavine*, 572 F.2d 1386, 1390 (9th Cir. 1978). That focus is "solely to *enforce* the judgment by way of the supplemental proceedings." *Id.* (emphasis added) (distinguishing between discovery before entry of default judgment and discovery to enforce a judgment under Rule 69(a)). Ultimately, Rule 69(a) does not contemplate the post-judgment discovery that TRX requests here. If discovery related to its damages is needed, TRX should gather it now, and then seek entry of default judgment.

### 4. CONCLUSION

Accordingly, TRX's Motion for Default Judgment, Dkt. No. 18, is DENIED with leave to renew.

Dated this 8th day of January, 2025.

Jamal N. Whitehead
United States District Judge