UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JFXD TRX ACQ LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>EAST RIVER JW INC.,<br><br>                Defendant. | CASE NO. C24-594 JNW<br><br>ORDER GRANTING RENEWED MOTION FOR DEFAULT JUDGMENT |

This matter comes before the Court on Plaintiff JFXD TRX ACQ LLC's Renewed Motion for Default Judgment. (Dkt. No. 20.) Having reviewed the Motion and all supporting materials, the Court GRANTS the Motion, ENTERS Default Judgment, and PERMANENTLY ENJOINS Defendant on the terms set out in this Order.

**BACKGROUND**

Plaintiff JFXD TRX ACQ LLC (TRX) pursues trademark, trade dress, and patent infringement claims against Defendant East River JW Inc. (Complaint ¶¶ 31- 54 (Dkt. No. 1).) TRX obtained entry of default against East River and previously moved for entry of default

judgment. (Dkt. Nos. 17 & 18.) In denying the Motion for Default Judgment, the Court found that it had subject matter jurisdiction over the claims, and personal jurisdiction over the East River. (See Order Denying Motion for Default Judgment at 3-8 (Dkt. No. 19).) But the Court denied entry of default judgment because TRX failed to adequately prove damages, and improperly requested leave to conduct discovery into damages after entry of default judgment. (Id. at 9-10.) The Court's denial granted leave to renew the motion. (Id. at 10.)

TRX has renewed its Motion for Default Judgment. (Dkt. No. 20.) As part of the Motion, TRX has now "waive[d] a claim for damages," arguing that default judgment can be entered with no damages awarded. (Id. at 4.) It also asks the Court to enter a permanent injunction against Defendants to prevent further infringement in violation of the Lanham Act.

## ANALYSIS

### A. Legal Standard

The Court has discretion to default judgment. Fed. R. Civ. P. 55(b); see Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In performing this analysis, "the general rule is that well-pled allegations in the complaint regarding liability are deemed true." Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002) (quotation and citation omitted). And "[t]he district court is not required to make detailed findings of fact." Id.

**B.	Jurisdiction**

The Court continues to find that it has subject matter jurisdiction over the claims and personal jurisdiction over East River. The Court adopts the analysis and reasoning of its prior Order on this issue. (See Dkt. No. 19 at 3-8.)

**C.	Eitel Factors Favor Default Judgment**

The Court reviews the Eitel factors to assess whether default judgment should be entered and in what specific amounts. On balance, the seven Eitel factors weigh in favor of entry of default judgment in TRX's favor.

### 1.	Factor One: Prejudice to Plaintiff

Without entry of default judgment TRX will be prejudiced. TRX has attempted to litigate this case and vindicate its rights under federal law against East River. But East River failed to appear or participate in this litigation despite being served. TRX faces prejudice by not being able to obtain complete relief on its claims against East River without entry of default judgment. This factor weighs in favor of granting default judgment.

### 2.	Factors Two and Three: Merits of Plaintiff's Claims and Sufficiency of the Amended Complaint

TRX has demonstrated the merit of its claims and the sufficiency of the Complaint. The Court reviews each claim.

#### a.	Trademark Infringement

To prevail on a trademark infringement claim, TRX must establish: (1) a protected trademark, and (2) the use of that trademark by a party accused of infringing on the trademark is likely to cause consumer confusion. See Levi Strauss & Co. v. Blue Bell, Inc., 778 F.2d 1352, 1354 (9th Cir. 1985). Federal registration of a mark provides prima facie evidence of the mark's

1  validity and entitles the plaintiff to a strong presumption that the mark is protectable. See Yellow
2  Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc., 419 F.3d 925, 927-28 (9th Cir. 2005).
3     Accepting the Complaint's allegations as true, the Court finds that TRX has proved its
4  trademark infringement claim by demonstrating the following: (1) it owns the Trademark No.
5  4,741,049 (the TRX Trademark) (Compl. ¶¶ 5, 20); (2) East River is "a chronic and continued
6  repetitive infringer on Amazon.com and other online platforms and continues to sell a product
7  shown at Exhibit A, which incorporates the yellow trademark" owned by TRX (Id. ¶¶ 25-30 &
8  Ex. A); and (3) East River's willful use of the TRX Trademark directly competes with TRX's
9  sales efforts and causes consumer confusion (id. ¶¶ 32-35). The Court finds entry of default on
10 the claim proper.

    **b. Trade Dress**

"To state a claim for trade dress infringement, a plaintiff must show that its trade dress (1) is nonfunctional; (2) is either inherently distinctive or has acquired a secondary meaning; and (3) is likely to be confused with [the competing trade dress] by members of the consuming public." One Indus., LLC v. Jim O'Neal Distrib., Inc., 578 F.3d 1154, 1166 (9th Cir. 2009) (citation and internal quotation marks omitted).

TRX has adequately alleged a claim for trade dress infringement. First, TRX alleges that its yellow and black strap-based exercise trainer has a "distinctive, famous trade dress with secondary meaning" that it has used for over ten years. (Compl. ¶ 39.) Second, TRX explains that this trade dress is nonfunctional. (Id.) Third, TRX adequately alleges that East River has infringed on the trade dress, by selling products that use the same distinctive yellow and black straps. (Id. ¶ 40 & Ex. A.) The Court finds entry of default on this claim proper.

       **c.**      **Patent Infringement**

To prove direct infringement, a patentee must either (1) "point to specific instances of direct infringement," or (2) "show that the accused device necessarily infringes the patent in suit." ACCO Brands, Inc. v. ABA Locks Mfrs. Co., 501 F.3d 1307, 1313 (Fed. Cir. 2007)

The Court agrees with TRX that it has stated a patent infringement claim. TRX has adequately alleged that East River has sold and markets products that infringe on a variety of the claims in the two patents at issue. (See Compl. ¶¶ 46-54 & Exs. F & G.) TRX has also alleges that the infringement is willful and that, absent injunctive relief, the infringement will continue. (Id. ¶¶ 46-54.) The Court finds entry of default on these claims proper.

    **3.**    **Factor Four: Sum of Money at Stake**

TRX has waived its request for damages, so there is no money at stake. This factor does not necessarily favor TRX.

    **4.**    **Factor Five: Possibility of Dispute of Material Facts**

The Court finds little possibility that the core, material facts are in dispute. Not only has East River failed to appear in this action, but TRX has provided detailed evidence in support of their claims that is likely difficult to be rebutted. This factor favors entry of default judgment.

    **5.**    **Factor Six: Whether Default is Due to Excusable Neglect**

There is no evidence that East River's failure to appear is due to excusable neglect. This factor favors entry of default judgment.

    **6.**    **Factor Seven; Strong Policy in Favor of Decision on the Merits**

The Court maintains a strong policy preference in favor of resolution of TRX's claims on the merits. But East River's decision not to appear in this case vitiates against this policy. This factor weighs in favor of entry of default judgment.

*   *   *

1     Having considered and balanced the Eitel factors, the Court finds that entry of default judgment is proper on all claims. On this basis, the Court GRANTS the Motion. And because TRX does not seek damages, it awards no damages as part of entry of default judgment.

**D.    Injunctive Relief**

    The Court finds it appropriate to enter a permanent injunction against East River on the terms TRX requests. "As a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations." MAI Sys. Corp. v. Peak Computer, Inc., 991 F.2d 511, 520 (9th Cir. 1993). And the Lanham Act authorizes "the 'power to grant injunctions according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right' of the trademark owner." Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1137 (9th Cir. 2006) (quoting 15 U.S.C. § 1116(a)).

    A plaintiff seeking permanent injunctive relief must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay, Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).

    The Court finds that all four eBay factors favor entry of a permanent injunction. First, based on the admitted allegations in the Complaint, East River's trademark, trade dress, and patent infringement has caused irreparable harm to TRX's goodwill and reputation and have caused it to incur expenses to prevent further damage. See 15 U.S.C. § 1116 (establishing a rebuttable presumption of irreparable harm for a plaintiff seeking an injunction for Lanham Act violations). Second, having disclaimed any request for monetary damages, TRX has made clear

that monetary damages alone will not necessarily prevent East River from engaging in further infringing conduct. Given East River's decision not to appear in this case, there can be no assurances that it will no longer engage in the conduct at issue in this case. This satisfies the Court that monetary damages alone are insufficient to address the injury. Third, the equities favor TRX, who seeks to enjoin East River from engaging in illegal conduct that benefits only East River. This favors TRX and the requested injunction. Fourth, an injunction prohibiting East River from engaging in further conduct that infringes on TRX's trademark, trade dress, and patents will serve the public interest. The Court GRANTS the Motion and PERMANENTLY ENJOINS East River and its affiliates, officers, agents, employees, and all persons acting for, with, by, through, or in active concert with it who receive actual notice of this Order from:

1. making, offering for sale, selling, and importing exercise strap products that infringe:

   • United States Trademark No. 4,741,049

   • United States Design Patent No. D831,764

   • United States Utility Patent No. 7,762,932

   • TRX Black & Yellow Trade Dress

   The Court refers to these as the "Infringing Products." The Infringing Products also include those products identified in Exhibit A of the Complaint (Dkt. No. 1);

2. aiding, abetting, contributing to, or otherwise assisting anyone to make, offer for sale, sell, and import the Infringing Products;

3. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities listed in (1) through (2) above.

The Court notes that TRX's proposed order asks the Court to "permit[ TRX] to contact entities known to have purchased or otherwise obtained infringing products from East River, either directly or indirectly through distributors, and to request disposal and/or destruction of such infringing articles." (Prop. Order at 2 (Dkt. No. 20-1).) TRX has not provided any explanation as to why such an order is necessary or appropriate. The Court therefore declines to include this requested permission. But the Court makes no ruling on whether such requests would be appropriate or lawful.

## CONCLUSION

The Court finds that TRX is entitled to entry of default judgment in its favor and for an order enjoining East River from further conduct that violates the Lanham Act. As explained above, the Court GRANTS the Motion for Default Judgment and PERMANENTLY ENJOINS East River on the terms specified above. TRX's counsel is hereby directed to serve a copy of this Order and Injunction on East River.

The clerk is ordered to provide copies of this order to all counsel.

Dated April 8, 2025.

Marsha J. Pechman
United States Senior District Judge